IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SOTO, G-49875, ) | |
|     Petitioner, ) | No. C 11-3050 CRB (PR) |
| vs. ) | ORDER OF DISMISSAL |
| MIKE McDONALD, Warden, ) | (Docket # 2 & 4) |
|     Respondent. ) | |

Petitioner, a state prisoner incarcerated at High Desert State Prison, has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Sonoma County Superior Court. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

In exchange for a stipulated prison sentence of 13 years eight months, petitioner pleaded no contest to one count of first-degree residential burglary, admitting a gun use enhancement, and one count of making criminal threats. He also admitted three prior prison term enhancements. On February 3, 2009, the trial court sentenced petitioner to 13 years eight months, as agreed.

Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and has unsuccessfully sought habeas relief from the state courts. The Supreme Court of California denied one of his many petitions for state habeas relief as late as October 12, 2011.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

A habeas petition may be dismissed if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Summary dismissal is appropriate if the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. Id.

B.   Legal Claims

Petitioner seeks federal habeas relief on the ground that he was arrested and convicted on the basis of an unlawful warrant.

A defendant who pleads guilty (or no contest) cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty (or no contest). See Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); Tollett v. Henderson, 411

U.S. 258, 266-67 (1973) (same).  The only challenges left open in federal habeas corpus after a guilty plea (or no contest) is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead.  Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Tollett, 411 U.S. at 267.  Petitioner's pre-plea unlawful warrant claim accordingly is DISMISSED.  See id.; see also Stone v. Powell, 428 U.S. 465, 481-82, 494 (1976) (no federal habeas review of 4th Amendment claims unless state did not provide opportunity for full and fair litigation of claims).

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED and, based solely on petitioner's affidavit of poverty, the request to proceed in forma pauperis (docket # 2 & 4) is GRANTED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall terminate all pending motions as moot, enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED:   Nov. 3, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.11\Soto, W1.dismissal.wpd